1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7   IN RE: EX PARTE APPLICATION OF              Case No.  21-mc-80236-TSH
    HARUKI HATTORI,
8
                Applicant.
9                                               **ORDER GRANTING EX PARTE**
                                                **APPLICATION FOR DISCOVERY**
10                                              **PURSUANT TO 28 U.S.C. § 1782**

11                                              Re: Dkt. No. 1

12

13                          **I.      INTRODUCTION**

14         Applicant Haruki Hattori moves ex parte for an order pursuant to 28 U.S.C. § 1782

15   authorizing discovery from Google LLC for use in a contemplated civil proceeding and criminal

16   investigation in Japan.  ECF No. 1.  For the reasons set forth below, the Court **GRANTS**

17   Applicant's § 1782 application.

18                          **II.     BACKGROUND**

19         Hattori is the sole proprietor of Hitsuji Mental Clinic, located in Japan.  Hattori Decl. ¶¶ 2-

20   3, ECF No. 2; Kanda Decl. ¶ 4, ECF No. 3.  Google is a Delaware limited liability company with

21   its principal office at 1600 Amphitheatre Parkway, Mountain View, California 94043.  Kanda

22   Decl. ¶ 5 & Ex. 2.[1]

23         The Clinic maintains a business profile and appears on Google Maps.  Hattori Decl. ¶ 9.

24   When prospective patients search for the Clinic on the Google search engine, the Google Maps

25   business profile and reviews and ratings of the Clinic are displayed as search results.  *Id.* ¶ 10.

26

27   [1] Statement of Information of Google filed and dated March 24, 2021, obtained from the
     California Secretary of State website at:
28   https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=201727810678-
     30191227.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   Internet users with a Google account can write reviews and rate businesses that appear on Google

2   Maps.[2]  All Google Maps reviews are public so anyone can see what was written by a reviewer.

3   *Id.*  The reviewer's displayed name is the name that is listed in the "About me page" of that user's

4   Google Account.  *Id.*  Google Accounts are controlled by Google.[3]

5          On August 3, 2020, an anonymous individual, using the display name of "Ushiushi" ("う

6   しうし" in Japanese) posted a review of the Clinic to Google Maps and rated the Clinic with a

7   one-star rating.  Hattori Decl. ¶¶ 11-12 & Ex. 1 (copy of the review and web pages addresses of

8   the review); Katsurada Decl. ¶ 4 & Ex. B (English translation of the review), ECF No. 4.  In the

9   review, the anonymous individual poses as a former or current patient of the Clinic.  Hattori Decl.

10  ¶ 13.  The Clinic has a suspicion of who the individual is, but it lacks evidence to prove their true

11  identity.  *Id.* ¶ 16.

12         According to Applicant, the review is unlawful and actionable under Japanese law, and it

13  has injured the Clinic by damaging its reputation and causing significant loss of business and

14  financial damage.  *Id.* ¶¶ 14-15, 17; Kanda Decl. ¶¶ 6-15; 21-31.  Applicant alleges the individual

15  has committed a reputational tort pursuant to Articles 709 and 710 of the Civil Code of Japan by

16  damaging the reputation of the Clinic, and the Clinic intends to file a civil lawsuit seeking

17  damages.  Hattori Decl. ¶¶ 18-19; Kanda Decl. ¶¶ 6-15.  Applicant contends the Clinic has

18  sufficient evidence to make out a prima facie case for a reputational tort pursuant to Articles 709

19  and 710, and the civil lawsuit will withstand a motion to dismiss in Japan.  Kanda Decl. ¶ 15.

20  However, to file the civil lawsuit, the true identity of the individual is necessary.  *Id.* ¶ 20.

21         Additionally, Applicant contends the individual has committed the crime of defamation

22  pursuant to paragraph 1 of Article 230 of the Penal Code of Japan, and the Clinic intends to file a

23  criminal complaint with the Japanese police (the "Investigative Authorities"), which will initiate a

24

25  [2] Google LLC, Add & manage reviews & ratings of places, Google Maps Help,

26  https://support.google.com/maps/answer/6230175?co=GENIE.Platform%3DDesktop&
    hl=en

27  [3] Google LLC, Services that use Google's Terms of Service & their service-specific
    additional terms and policies, Google Privacy & Terms,

28  https://policies.google.com/terms/service-specific?hl=en-US (Terms of Service apply to Google
    Accounts, and services that are subject to Terms of Service are services of Google LLC).

1    formal criminal investigation against the individual to determine whether to prosecute them.

2    Hattori Decl. ¶¶ 18-19; Kanda Decl. ¶¶ 21-31.  For the Investigative Authorities to accept the

3    criminal complaint, information that may lead to the true identity of the individual, such as the

4    access log of the subject Google Account, is necessary.  Kanda Decl. ¶ 32.

5            As of September 15, 2021, the review posted by the subject Google Account is no longer

6    appearing on Google Maps.  Hattori Decl. ¶ 19.  However, Applicant still intends to file a civil

7    lawsuit and a criminal complaint against the individual for damaging its reputation.  *Id.*

8            On September 22, 2021, Applicant filed the present ex parte application seeking leave to

9    conduct limited discovery by serving a subpoena upon Google to identify the individual's identity.

10                                  **III.   LEGAL STANDARD**

11           Section 1782 provides: "The district court of the district in which a person resides or is

12   found may order him to give his testimony or statement or to produce a document or other thing

13   for use in a proceeding in a foreign or international tribunal . . . .  The order may be made . . . upon

14   the application of any interested person[.]"  28 U.S.C. § 1782(a).  A district court is authorized to

15   grant a § 1782 application where "(1) the person from whom the discovery is sought 'resides or is

16   found' in the district of the district court where the application is made; (2) the discovery is 'for

17   use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a

18   foreign or international tribunal or 'any interested person.'"  *Khrapunov v. Prosyankin*, 931 F.3d

19   922, 925 (9th Cir. 2019) (citations omitted).

20           The court has wide discretion to grant discovery under § 1782.  *Intel Corp. v. Advanced*

21   *Micro Devices, Inc.*, 542 U.S. 241, 260-61 (2004).  In exercising its discretion, a district court

22   should consider the following factors: (1) whether the "person from whom discovery is sought is a

23   participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the

24   proceedings underway abroad, and the receptivity of the foreign government or the court or

25   agency abroad to U.S. federal court judicial assistance," (3) whether the request "conceals an

26   attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or

27   the United States," and (4) whether the request is "unduly intrusive or burdensome."  *Id.* at 264-

28   65.  The court's discretion is to be exercised in view of the twin aims of § 1782: "providing

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    efficient assistance to participants in international litigation and encouraging foreign countries by

2    example to provide similar assistance to our courts." *Id.* at 252.  There is no requirement that the

3    party seeking discovery establish that the information sought would be discoverable under the

4    governing law in the foreign proceeding or that United States law would allow discovery in an

5    analogous domestic proceeding. *Id.* at 247, 261-63.  "Section 1782 is a provision for assistance to

6    tribunals abroad.  It does not direct United States courts to engage in comparative analysis to

7    determine whether analogous proceedings exist here." *Id.* at 263.

8         Applications made under § 1782 are typically considered on an ex parte basis, because

9    "parties will be given adequate notice of any discovery taken pursuant to the request and will then

10   have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co,*

11   *KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014).  Consequently, orders granting §

12   1782 applications typically only provide that discovery is "authorized," and thus the opposing

13   party may still raise objections and exercise its due process rights by challenging the discovery

14   after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of

15   granting the application ex parte. *In re Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL

16   1161568, at *2 (N.D. Cal. Mar. 24, 2016).

## IV.   DISCUSSION

### A.   Statutory Requirements

19        Applicant's request satisfies the statutory requirements of § 1782.  First, Google can be

20   found in this district because its principal office is located in Mountain View, California. *See In re*

21   *Med. Corp. Seishinkai*, 2021 WL 3514072, at *2 (N.D. Cal. Aug. 10, 2021) ("[T]he subpoena seeks

22   discovery from Google, which is located in this District."); *In re Super Vitaminas, S.A.*, 2017 WL

23   5571037, at *2 (N.D. Cal. Nov. 20, 2017) (having an office in this district is sufficient under §

24   1782).

25        Second, to apply for discovery pursuant to § 1782, a formal proceeding in the foreign

26   jurisdiction need not be currently pending, or even imminent. *Intel*, 542 U.S. at 258-59.  Instead,

27   all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within

28   reasonable contemplation." *Id.* at 259 (holding that discovery was proper under § 1782 even

4

United States District Court
Northern District of California

1   though the applicant's complaint was still only in the investigative stage).  Applicant has shown a

2   "reasonable contemplation" of litigation because the discovery sought is for purposes of a civil

3   lawsuit to be filed in Japan, and for a criminal complaint to be filed in Japan that will initiate a

4   criminal investigation.  Hattori Decl. ¶¶ 18-19; Kanda Decl. ¶¶ 4, 6, 20-23, 31-32, 44; *see In re*

5   *Med. Corp. Seishinkai*, 2021 WL 3514072, at *2 ("Applicant requests this discovery for use in a

6   civil action that it intends to file in Japan once it learns the identity of the Google account users

7   responsible for the relevant postings. . . . This proceeding before a foreign tribunal appears to be

8   within reasonable contemplation.").

9          Third, Applicant—as the prospective litigant—has a "reasonable interest" in obtaining

10  judicial assistance and, therefore, may apply for assistance pursuant to § 1782.  *See Intel*, 542 U.S.

11  at 256 (litigants are the most common example of interested person); *In re Yasuda*, 2019 WL

12  4933581, at *3 (N.D. Cal. Oct. 7, 2019) (prospective litigant in Japanese civil case had reasonable

13  interest under § 1782); *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *2 ("Applicant, as the

14  putative plaintiff in the contemplated civil action, is an interested person within the meaning of the

15  statute.").

16  **B.      Discretionary *Intel* Factors**

17         Although the application satisfies the statutory requirements, the Court must also

18  determine whether judicial assistance is appropriate by considering the *Intel* factors.

19         **1.      Participation of Target in the Foreign Proceeding**

20         The first factor considers whether the person from whom discovery is sought is a party to

21  the foreign proceeding.  *Intel*, 542 U.S. at 247.  However, "the key issue is whether the material is

22  obtainable through the foreign proceeding." *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at

23  *2 (simplified).  According to Applicant, Google will not be a party to the civil action brought the

24  Clinic.  Kanda Decl. ¶ 36.  The documents Applicant seeks by subpoena are located in the United

25  States, and he contends that the evidence is thus outside the reach of a Japanese court's

26  jurisdiction.  *Id.*  Under these circumstances, the Court finds that there is a need for assistance

27  pursuant to § 1782, so this factor weighs in favor of permitting discovery.  *In re Med. Corp.*

28  *Seishinkai*, 2021 WL 3514072, at *2 (finding first factor satisfied where Google would not be

United States District Court
Northern District of California

1    party to contemplated proceedings and documents sought were in the United States).

2    **2.     Receptivity of Foreign Court to U.S. Judicial Assistance**

3    The second *Intel* factor weighs in favor of discovery unless the foreign tribunal in question

4    has expressly made it clear that it would not accept the evidence.  *In re Appl. of Jt. Stock Co.*

5    *Raiffeinsenbank*, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) (Under this factor, "courts

6    look for authoritative proof that a foreign tribunal would reject evidence obtained with the aid of §

7    1782.").  In the absence of authoritative proof that a foreign tribunal would reject evidence

8    obtained with the aid of § 1782, courts tend to err on the side of permitting discovery.  *See*

9    *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019) (citation omitted);

10   *In re Med. Corp. H&S*, 2019 WL 1230440, at *3 (N.D. Cal. Mar. 15, 2019) ("In the absence of

11   evidence that Japanese courts would object to MCHS's discovery of the information sought in the

12   subpoena, or that they object more generally to the judicial assistance of U.S. federal courts, the

13   Court concludes that this factor weighs in favor of authorizing service of the subpoena.").

14   Here, the declarations submitted with the application confirm there are no known

15   restrictions imposed by or any policies under Japanese law limiting U.S. federal court judicial

16   assistance, and that Japanese courts and the Investigative Authorities are receptive to assistance in

17   discovery by U.S. federal courts, including discovery of personal identifying information of

18   individuals posting anonymous online reviews.  Kanda Decl. ¶¶ 37-38.  Further, courts in this

19   district have in the past granted § 1782 discovery for use in Japanese proceedings.  *See, e.g., In re*

20   *Med. Corp. H&S*, 2019 WL 1230440; *In re Med. Corp. Seishinkai*, 2021 WL 3514072; *In re*

21   *Yasuda*, 2019 WL 4933581.  Because there is evidence showing that Japanese courts and the

22   Investigative Authorities are receptive to U.S. federal court judicial assistance, and because there

23   is nothing to show that Japanese courts or Investigative Authorities would object to discovery of

24   the information sought by Applicant, this factor weighs in favor of authorizing discovery.

25   **3.     Circumvention of Foreign Proof-Gathering Restrictions**

26   The third *Intel* factor weighs in favor of discovery unless the applicant is attempting to

27   circumvent the foreign country's proof-gathering restrictions.  *Intel*, 542 U.S. at 244-45.  The

28   question under this prong is whether the foreign court would be affronted by the applicant's resort

United States District Court
Northern District of California

1    to U.S. discovery.  *In re Appl. of Gianoli Aldunate*, 3 F.3d 54, 61-62 (2d Cir. 1993).  "A

2    perception that an applicant has side-stepped less-than-favorable discovery rules by resorting

3    immediately to § 1782 can be a factor in a court's analysis."  *In re Varian Med. Sys.*, 2014 WL

4    1161568, at *5 (citation omitted).  Courts have found that this factor weighs in favor of discovery

5    where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-

6    gathering restrictions."  *In re Google, Inc.*, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *In*

7    *re Eurasian Natural Resources Corp. Ltd.*, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

8            Applicant supports the application with the declaration of Mr. Kanda, an attorney for

9    Applicant who is registered to practice in Japan.  Kanda Decl. ¶ 1.  Mr. Kanda states he is aware

10   of no restrictions or policies under Japanese law that would limit the gathering of the evidence

11   Applicant seeks here.  *Id.* ¶ 39.  In the absence of contrary information regarding the procedures

12   acceptable to a Japanese court for identifying the Google account-users, the Court concludes that

13   this factor also weighs in favor of discovery.  *See In re Med. Corp. Seishinkai*, 2021 WL 3514072,

14   at *3 (factor weighs in favor of discovery in the absence of evidence that Japanese law would limit

15   the gathering of evidence sought under § 1782).

16           **4.       Unduly Burdensome of Intrusive Discovery**

17           Finally, the Court considers whether "the discovery requested is unduly intrusive or

18   burdensome."  *Intel*, 542 U.S. at 265.  Requests are unduly intrusive and burdensome where they

19   are not narrowly tailored, request confidential information and appear to be a broad "fishing

20   expedition" for irrelevant information.  *In re Ex Parte Applicate of Qualcomm Inc.*, 162 F. Supp.

21   3d 1029, 1043 (N.D. Cal. 2016).  Request Nos. 1-4 in Applicant's proposed subpoena to Google

22   seek the following categories of documents:

23           **REQUEST FOR PRODUCTION NO. 1**. ALL DOCUMENTS
             showing the following information ever registered with ACCOUNT
24           1:

25           (i)     names;
             (ii)    physical, billing, shipping, or ALL other addresses;
26           (iii)   recovery, authentication, or ALL other e-mail addresses;
             (iv)    recovery, authentication, or ALL other telephone numbers;
27           (v)     ALL names and addresses of ALL credit cards registered to
                     ACCOUNT 1 (but not the credit card number, expiration date,
28                   or card validation code); and,

(vi)    ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ACCOUNT 1.

**REQUEST FOR PRODUCTION NO. 2.** ALL DOCUMENTS showing the following information as of the date that ACCOUNT 1 was created, and for the three-month period immediately preceding September 22, 2021 and until the date that you respond to this request: ALL access log and login history (dates, times, IP addresses, and type of accesses) of ACCOUNT 1.

**REQUEST FOR PRODUCTION NO. 3.** ALL DOCUMENTS showing the following information ever registered with ALL Google Ads accounts or ALL other accounts that are controlled by you that ACCOUNT 1 has ever been used to login with (the "OTHER ACCOUNTS 1"):

(i)    names;
(ii)    physical, billing, shipping, or any other addresses;
(iii)    recovery, authentication, or any other e-mail addresses;
(iv)    recovery, authentication, or any other telephone numbers;
(v)    ALL names and addresses of ALL credit cards registered to ALL of the OTHER ACCOUNTS 1 (but not the credit card number, expiration date, or card validation code);
(vi)    ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ALL of the OTHER ACCOUNTS 1; and,
(vii)    the type of ALL of the OTHER ACCOUNTS 1 (such as a Google Ads account).

**REQUEST FOR PRODUCTION NO. 4.** ALL DOCUMENTS showing the following information as of the date that ALL of the OTHER ACCOUNTS 1 were created, and for the three-month period immediately preceding September 22, 2021 and until the date that you respond to this request: ALL access log and login history (dates, times, IP addresses, and type of accesses) of ALL of the OTHER ACCOUNTS 1.

Mot., Ex. B. The Court finds this discovery is narrowly tailored to seek only sufficient

information to identify the individual. It is not unduly intrusive or burdensome, as Applicant

seeks discovery of only personal identifying information such as names, addresses, telephone

numbers, and e-mail addresses, or information that will lead to the discovery of personal

identifying information such as access log for very limited periods of time, which information is

stored by Google in the ordinary course of its business. See *In re Med. Corp. Seishinkai*, 2021

WL 3514072, at *4-5 (authorizing nearly identical discovery from Google as is sought in this

application); *In re Frontier Co., Ltd.*, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting

§ 1782 request to issue a subpoena for the name, address, email address, telephone number and

1      name and address on credit cards).

2              Additionally, the subpoena does not seek the content of any communications associated

3      with the subject Google account, in compliance with the Stored Communications Act, 18 U.S.C. §

4      2701 et seq. *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, 2013 WL 256771, at

5      *2-3 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act).

6              Accordingly, subject to the requirements discussed below, the Court will permit Applicant

7      to serve the proposed subpoena on Google.

8                                              **V.    CONCLUSION**

9              The application meets the statutory criteria for an order authorizing service of the proposed

10     subpoena.  In addition, the factors that inform the Court's exercise of its discretion under *Intel*

11     favor authorizing service of the proposed subpoena.  Accordingly, the Court authorizes service of

12     the proposed subpoena on Google.  This order does not foreclose a motion to quash or modify the

13     subpoena by Google following service or by the Google account user whose identifying

14     information is sought, and the Court orders Applicant to comply with the following requirements

15     to ensure all interested persons have an opportunity to contest the subpoena if they wish:

16          1.    At the time of service of the subpoena, Applicant must also serve a copy of this

17                order on Google.

18          2.    Within 10 calendar days of service of the subpoena and this order, Google shall

19                notify the account user that their identifying information is sought by Applicant and

20                shall serve a copy of this order on each such account user.

21          3.    Google and/or the account user whose identifying information is sought may,

22                within 21 days from the date of the notice, file a motion in this Court contesting the

23                subpoena (including a motion to quash or modify the subpoena).

24          4.    If any party contests the subpoena, Google shall preserve, but not disclose, the

25                information sought by the subpoena pending resolution of that contest.

26          5.    Any information Applicant obtains pursuant to the subpoena may be used only for

27                purposes of the anticipated action in Japan, and Applicant may not release such

28                information or use it for any other purpose, absent a Court order authorizing such

United States District Court
Northern District of California

1          release or use.

2              **IT IS SO ORDERED.**

3

4    Dated: October 14, 2021

5                                        _____
                                         THOMAS S. HIXSON
6                                        United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California